(No. 4396—

REYNOLDS REAVY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 13, 1951.*

ROBERT T. SWENGEL, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; CHARLES H. EVANS, Assistant Attorney General, for Respondent.

DELANEY, J.

Claimant, Reynolds Reavy, was employed on July 9, 1950 by the respondent in the Department of Public

Welfare as Cottage Parent II at the Illinois Soldiers' and Sailors' Children's School at Normal, Illinois. On said date, while in the course of his employment, he fell on the sidewalk, and sustained a fracture of the radius of the right forearm. Claimant was treated by Dr. Ralph Peairs after an X-Ray by Dr. Irwin.

In his report, dated September 5, 1950, Dr. Peairs stated:

"The fracture is apparently healed, but motion of the elbow joint is restricted. He is able to flex the arm to a right angle, and can extend it to about 45 degrees beyond the point of flexion."

In a report of Dr. Peairs, dated September 8, 1950, he stated:

"At present the fracture is apparently healed, but motion of the elbow joint is limited to about 45 degrees. He has not been very cooperative, and I think failure to maintain passive motion while the fracture was healing has much to do with the limited amount of motion in the elbow joint. I believe he will have a useful arm, but motion will probably be permanently limited."

The claimant was examined by Dr. Bruce I. Ryder on October 10, 1950. In his report, Dr. Ryder stated:

"Loss of flexion (at elbow) - 45 degrees. Loss of extension of elbow - 45 degrees. The function of rotation of radius on ulna is deficient in supination. One sees no loss of pronation of radius about ulna - right forearm. There is no loss of motion about the right shoulder joint. There is no loss of motion about the right wrist joint."

In his final report, dated March 15, 1951, Dr. Peairs stated:

"The fracture has healed, and he is able to use the arm, but motion of the elbow joint is partially limited. Rotation and supination of the forearm is satisfactory. Flexion and extension of the forearm is limited. When the forearm is placed at right angle to the arm, he is able to flex the forearm only about 40 degrees. When extension is made from the same position, movement extends over an angle of about 50 degrees. This limitation of motion will be a partial permanent handicap to him."

No jurisdictional question is raised. Respondent and claimant were operating under the Workmen's

Compensation Act, and the accident in question arose out of and in the course of the employment.

The record consists of the complaint, Departmental Report, stipulation waiving briefs of both parties, transcript of evidence, reporter's bill, and abstract of evidence.

The evidence shows that claimant was 42 years of age at the time of the accident, and had no children under 18 years of age dependent upon him for support. The claimant's earnings in the year preceding the accident were $2,139.23. Claimant's compensation rate would, therefore, be the maximum of $15.00 per week. The injury having occurred subsequent to July 1, 1949, this must be increased 50%, making a compensation rate of $22.50.

From the medical testimony, and the observations of Commissioner Summers of claimant's right arm, we feel that claimant has suffered a 25% loss of use of his right arm. For 25% permanent loss of use of his right arm under Section 8, Paragraph (e) (13), the claimant should receive from the respondent $22.50 per week for 56¼ weeks, or the sum of $1,265.63.

The claimant worked from the day of the accident to July 20, 1950. His wages were at the rate of $186.00 per month at the time of the injury; therefore, he would be entitled to the sum of $62.00 to July 20, 1950. He was paid $330.40 by respondent subsequent to his accident, which would be an overpayment of $268.40. The claimant has suffered a temporary total loss of 3 weeks from July 20 to August 10, 1950. Claimant should be allowed the sum of $67.50 for 3 weeks of temporary total disability, which represents 3 weeks at the rate of $22.50 per week, or a total sum of $1,333.13 for specific loss and temporary total disability.

Claimant is entitled to the sums of $14.00 that he paid to Dr. Cooper, and $5.00 to Dr. Ryder.

An award is, therefore, made to claimant, Reynolds Reavy, in the sum of $1,352.13, less overpayment for non-productive time of $268.40, or the sum of $1,083.73, all of which has accrued, and is payable forthwith.

Mary I. Reynolds was employed to take and transcribe the evidence at the hearing before Commissioner Summers. Charges in the amount of $59.50 were incurred for these services, which charges are fair, reasonable and customary. An award is, therefore, entered in favor of Mary I. Reynolds in the amount of $59.50, payable forthwith.

This award is subject to the approval of the Governor, as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees".